UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENEILA RUIZ SALVADOR, | Case No. 5:26-cv-02455-PD |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| FERETI SEMAIA, et al., | |
| Respondents. | **A# 099-388-151** |

Jeneila Ruiz Salvador ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. Petitioner also filed an ex parte motion for a temporary restraining order ("TRO"), which Respondents oppose. Dkt. Nos. 12, 13. The Court has considered the Petition, Respondents' Answer, Petitioner's Traverse, and the argument of counsel at the hearing on June 29, 2026. Dkt. Nos. 1, 8, 11.

## I.     Background

### A.     Entry into United States and Subsequent Immigration/Criminal History

The following is based on Petitioner's Department of Homeland Security ("DHS") record which appears to have been last updated on October 3, 2025. *See* Dkt. No. 8-1.  Petitioner is a citizen and national of the Philippines who entered the United States on December 10, 2004, at the Los Angeles International Airport, as a nonimmigrant Temporary Visitor for Pleasure (B-2) with permission to remain in the United States until June 9, 2005.  Dkt. No. 8-1 at 3.  Petitioner overstayed her B-2 visa, and on December 12, 2005, filed an Application for Status as a Temporary Resident, form I-678 with U.S. Citizenship and Immigration Services ("USCIS").  On April 10, 2007, her form I-678 was denied.

On April 13, 2015, Petitioner was convicted in Nevada state court of violating Nevada Revised Statute "205.465.2."  Statute 205.465 states that "[i]t is unlawful for a person to possess, sell or transfer any document or personal identifying information for the purpose of establishing a false status, occupation, membership, license or identity for himself or herself or any other person."  Nev. Rev. Stat. § 205.465(1).  A person who "[s]ells or transfers any such document or personal identifying information" or "[p]ossesses any such document or personal identifying information" to commit specific crimes enumerated in the statute, "is guilty of a category C felony."  *Id.* § 205.465(2). Petitioner was sentenced to 12 to 30 days in jail.  Dkt. No. 8-1 at 3.  On March 17, 2016, Immigration and Customs Enforcement ("ICE") encountered Petitioner at a county detention center in Las Vegas and lodged an immigration detainer against her.  *Id.*  On July 11, 2016, ICE arrested Petitioner pursuant to the detainer.

On July 12, 2016, ICE served Petitioner with a Notice to Appear, charging her under 8 U.S.C. 1227(a)(1)(B) as a noncitizen who remained in the U.S. longer than permitted. *Id.* On September 13, 2016, an immigration judge granted Petitioner bond for $5,000. Petitioner was then released from ICE custody.

On August 8, 2018, Adrienne Alexis Salvador filed a Petition for Alien Relative, form I-130, with USCIS, on Petitioner's behalf.[1] On July 25, 2019, the form I-130 was approved. On February 27, 2020, Petitioner filed an Application to Register Permanent Residence or Adjust Status, Form I-485, which was pending as of October 3, 2025. On July 2, 2021, an immigration judge ("IJ") dismissed Petitioner's removal proceedings without prejudice.

On May 11, 2023, Petitioner was arrested by the Redlands Police Department for violating California Health and Safety Code sections 11379(a), transporting a controlled substance, and 11378, possession of a controlled substance for sale. Dkt. No. 8-1 at 4. As of October 3, 2025, the charges were still pending.

### B. Petitioner's Current Immigration Detention and Subsequent Bond Hearings

On October 10, 2025, Petitioner was detained by ICE agents in a parking lot near the Riverside Courthouse. She alleges no warrant or documentation authorizing her detention was shown to her. Dkt. No. 1,

---

[1] "An I-130 Petition is a form submitted by a U.S. citizen or Lawful Permanent Resident ("LPR") petitioning to establish a familial relationship with an immediate relative or close relative intending to immigrate to the U.S." *Saleh v. Blinken*, No. 5:24-CV-02450-EJD, 2025 WL 901942 at *1 (N.D. Cal. Mar. 25, 2025). Obtaining approval of a I-130 Petition is commonly the first step before applying for adjustment of status. *See Singh, v. Chestnut*, No. 1:26-CV-01055-DAD-CKD, 2026 WL 1758396 at *2 (E.D. Cal. June 18, 2026), *report and recommendation adopted sub nom. Singh v. Chestnut*, No. 1:26-CV-01055-DAD-CKD, 2026 WL 1805484 (E.D. Cal. June 23, 2026).

Petition ¶ 20.[2]   She was transferred to the Adelanto Detention Facility, where she remains detained.  Petitioner was served with a Notice to Appear and charged with removability under 8 U.S.C. 1227(a)(1)(B).  Dkt. No. 8-1 at 4.  Thereafter, Petitioner received two bond hearings.

On March 11, 2026, approximately five months after she was detained, an IJ denied her bond providing a once-sentence reason: "Danger to the Community."  Petitioner reserved appeal.  Dkt. No. 1-1 at 2–3.  Less than a month later, on April 8, 2026, the same IJ denied bond at a *Rodriguez*[3] bond hearing, again providing a once-sentence reason: "Danger to the Community."  Petitioner reserved appeal.  *Id.* at 4–5.  At the hearing, Petitioner's counsel stated that Petitioner appealed her *Rodriguez* bond decision to the Board of Immigration Appeals ("BIA").  However, Respondents asserted that Petitioner did not file an appeal.

**II.    Discussion**

The Petition raises two claims: (1) Respondents have not provided Petitioner a constitutionally adequate and individualized determination, despite materially changed circumstances, in violation of the Immigration and

---

[2] The information in Petitioner's DHS file differs.  According to DHS, Petitioner was arrested on October 3, 2025 outside the San Bernardino Superior Courthouse, where she was expected to appear for her state criminal matter.  She was arrested after the "Fugitive Operations Team" observed a female matching her physical description and photograph leaving the courthouse.  Petitioner verified herself by name before the agents arrested her.  The agents also informed her they were immigration officers and had a warrant for her arrest.  Petitioner resisted arrest by pulling her arms away and swinging her body back and forth.  Petitioner continued to resist during the handcuffing process.  Dkt. No. 8-1 at 2.  While being arrested, Petitioner stated that her three adult U.S. citizen children would care for her two minor U.S. citizen children.  *Id.* at 3.

[3] At a *Rodriguez* bond hearing, which is required in the Central District of California, the government must show at six-month intervals that continued detention pending removal proceedings is justified by clear and convincing evidence. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).

Nationality Act ("INA"); and (2) her detention violates due process under the Fifth Amendment because "[t]he [IJ] denied bond based on a determination that predated the final state court disposition and classified her as a danger to the community without meaningful explanation or reassessment." Petition ¶ 72.

Respondents' answer argues that the *Rodriguez* bond hearing Petitioner received was legally adequate, the Court lacks jurisdiction to overturn the IJ's decision, the IJ did not abuse his discretion, Petitioner failed to exhaust his administrative remedies, and her detention is lawful. At the hearing, Petitioner's counsel stated that Petitioner is not asking this Court to review her bond hearing. Instead, Petitioner is seeking a new bond hearing at which the IJ will consider the outcome of Petitioner's criminal proceedings.

INA regulations provide that an immigration detainee may request a subsequent bond redetermination after a showing that their "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Here, Petitioner has been detained for approximately nine months. Her previous *Rodriguez* bond hearing in April 2026 was conducted while her criminal proceeding was still pending. Petitioner has since pleaded to a lesser offense (accessory) and has been placed on probation. Given that Petitioner's criminal matter has concluded, it appears her circumstances have changed to warrant a new custody redetermination. Therefore, the Court grants Count One of the Petition under the INA and orders that Petitioner receive a new individualized bond hearing as set forth below. Because the Petition is granted in part, the Motion for TRO, Dkt. No. 12, is denied as moot.

## III.    Order

For the foregoing reasons, the Petition is granted as to Count One and Count Two is dismissed without prejudice.

By **July 17, 2026**, or thereafter if Petitioner requests a continuance, Respondents shall provide Petitioner Jeneila Ruiz Salvador (A# 099-388-151) with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the Government will bear the burden of proof by clear and convincing evidence.

IT IS SO ORDERED.

DATED: July 1, 2026

*Patricia Donahue*

_____

Patricia Donahue
United States Magistrate Judge

6